IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATRICK DASHAWN BROWN,              §
                                    §
        Petitioner,                 §
                                    §
V.                                  §        No. 3:16-cv-2876-N-BN
                                    §
LORI DAVIS, Director                §
Texas Department of Criminal Justice §
Correctional Institutions Division,  §
                                    §
        Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas action under 28 U.S.C. § 2254 has been referred to the

undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a

standing order of reference from United States District Judge David C. Godbey. The

undersigned issues the following findings of fact, conclusions of law, and

recommendation that, for the reasons stated below, the Court should dismiss this

action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

**Applicable Background**

On October 13, 2016, the Court received and docketed a complaint filed by

Patrick Dashawn Brown, who appears to be a former Texas inmate, requesting that

he be "compensated for 18 to 20 months over [his] sentencing time." Dkt. No. 3. This

action was docketed as one under Section 2254 because it is generally established that

a challenge to the duration of confinement is addressed in the context of habeas relief.

*See, e.g., McMahan v. Owens*, No. A-09-CA-741-JN, 2009 WL 3633905, at \*6 (W.D. Tex. Oct. 29, 2009) ("The first issue this Court must address is whether Plaintiff can make such a challenge in a civil rights complaint. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Because success of Plaintiff's claim would entitle him to a speedier release, it is not proper in his civil rights complaint." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973))).

On October 14, 2016, the Court issued a notice of deficiency and order noting that, because "Brown's free-world status may affect how the Court addresses his claim, it is important that he amend his petition using the form included with this order and that, in doing so, he provide the Court with factual information sufficient to explain all steps he took to address his sentence-duration claim while he was incarcerated." Dkt. No. 7 at 1-2.

Brown was instructed to "return the completed form petition to the Court no later than November 14, 2016." *Id.* at 2 (emphasis removed). And he was warned that "[a]ny failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court." *Id.*

As of today, it is more than one month past the deadline for Brown to comply with the Court's order, and he has yet to do so or otherwise contact the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an

action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v.*

*Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P.

41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)).

Under the same rule, a district court also "may *sua sponte* dismiss an action for failure

to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam)

(citations omitted)). Such authority "flows from the court's inherent power to control

its docket and prevent undue delays in the disposition of pending cases." *Boudwin v.*

*Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice
> are usually appropriate before dismissing with prejudice, ... a Rule 41(b)
> dismissal is appropriate where there is 'a clear record of delay or
> contumacious conduct by the plaintiff and when lesser sanctions would
> not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757

F.2d 1513, 1521 (5th Cir. 1985)))); *see also Long*, 77 F.3d at 880 (a dismissal with

prejudice is appropriate only if the failure to comply with the court order was the result

of purposeful delay or contumacious conduct and the imposition of lesser sanctions

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may

"'include assessments of fines, costs, or damages against the plaintiff, conditional

dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to habeas proceedings. *See* Rule 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS; *see, e.g., Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By not filing the Court-ordered amended habeas petition, Brown has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Brown decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE